NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID K. LUCKETT,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1632

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4444, Judge Amanda L. Meredith.

---

Decided: May 20, 2021

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CLAUDIA BURKE, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, CHRISTA A. SHRIBER, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

David Luckett appeals the final decision of the United States Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals decision which found that the VA overpaid Mr. Luckett $31,551.08 that should have been paid to his attorney and that the VA could recoup the overpayment. Because we find that the overpayment to Mr. Luckett of his attorney's fee falls within the scope of 38 C.F.R. § 1.911(a), we affirm.

I

In August 2006, Mr. Luckett appointed John Cameron as his authorized representative before the VA and entered into a direct-pay contingency fee agreement with Mr. Cameron under the provisions of 38 U.S.C. § 5904(d). In a February 2010 rating decision, a VA regional office (RO) assigned Mr. Luckett a 70 percent disability evaluation for post-traumatic stress disorder with an effective date of February 21, 2001, which entitled Mr. Luckett to an award of past-due benefits. The RO issued its decision in April 2010 and informed both Mr. Luckett and Mr. Cameron of the total amount of past-due benefits and the amount that would be withheld and paid directly to Mr. Cameron for his attorney fees.

In June 2010, before Mr. Cameron requested the release of his fee, Mr. Luckett submitted claims for additional benefits related to his PTSD and for past-due educational assistance benefits for his children. The RO granted these claims in February 2011, thereby increasing Mr. Luckett's total accumulated benefits and increasing Mr. Cameron's

contingency fee entitlement to $31,551.08. *Luckett v. Wilkie*, 2019 WL 6794789 at \*1 (Vet. App. 2019).

In July 2011, the RO informed Mr. Cameron that although he was entitled to his fee, the VA had not withheld those funds from the retroactive benefits paid to Mr. Luckett. In August 2011, the VA's Debt Management Center notified Mr. Luckett that he had been overpaid by $31,551.08 and that the VA would begin to recoup the overpayment from his future benefits payments. J.A. 66. The notice advised Mr. Luckett of his rights to dispute the debt and to request its waiver, both of which Mr. Luckett exercised by filing a Notice of Disagreement (NOD) in September 2011. J.A. 66–68.

After filing his NOD, Mr. Luckett perfected his appeal to the Board, and the Board issued its decision on April 19, 2018, upholding the validity of the debt and referring the waiver issue to the VA's Committee on Waiver and Compromises. Only the dispute of the debt is at issue in this appeal; Mr. Luckett's separate waiver request is not at issue.

Mr. Luckett then appealed to the United States Court of Appeals for Veterans Claims, which issued a written decision on December 13, 2019, affirming the Board's decision. The Veterans Court decision became final on January 6, 2020.

## II

We have limited jurisdiction to review decisions by the Veterans Court. "[A]ny party to the case may obtain a review of [a Veterans Court] decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 28 U.S.C. § 7292(a). Unless a veteran brings a constitutional challenge, we lack jurisdiction to review any "challenge to a factual determination" or any "challenge to a law

or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Because Mr. Luckett argues that the Veterans Court wrongly interpreted 38 C.F.R. § 1.911 to uphold the validity of his debt, we have jurisdiction to review this narrow issue.

38 C.F.R. § 1.911(a) reads, in relevant part: "This section applies to the collection of debts resulting from an individual's participation in a VA benefit or home loan program."

Mr. Luckett does not dispute that he received $31,551.08 to which he was not entitled, nor does he dispute that "the Secretary has the authority [to] create and collect a debt owed to VA by reason of a veteran's participation in the VA benefits program." Appellant's Br. 7; 38 C.F.R. § 1.911(a). He argues, however, that "[a veteran's] participation in a VA benefit . . . program" is separate and distinct from a veteran's decision to retain counsel for assistance in securing those benefits. *Id.* Therefore, he contends, section 1.911(a) does not provide the Secretary authority to create a debt based on a failure to withhold attorney's fees.

This argument is unpersuasive. Mr. Luckett participated in a VA benefit program by submitting claims for benefits, and he chose to do so with the assistance of counsel with whom he entered into an agreement to pay attorney fees directly from any past-due benefits. The overpayment here resulted from his successful claim for veterans benefits and the VA's oversight in failing to directly pay his counsel the required contingency fee based on receipt of those past-due benefits. Thus, the overpayment to Mr. Luckett of his attorney's fee falls within the scope of 38 C.F.R. § 1.911(a).

Mr. Luckett also challenges the VA's action under 38 C.F.R. § 1.911(b), which reads:

> When VA has determined that a debt exists by reason of an administrative decision or by operation of law, VA shall promptly demand, in writing, payment of the debt. VA shall notify the debtor of his or her rights and remedies and the consequences of failure to cooperate with collection efforts. Generally, one demand letter is sufficient, but subsequent demand letters may be issued as needed.

Mr. Luckett argues that "[t]here is no evidence that VA ever determined that a debt to VA from Mr. Luckett even existed by reason of an administrative decision or by operation of law." Appellant's Br. 12. To the extent Mr. Luckett challenges whether the VA actually made such a determination, this is a factual question that we do not have jurisdiction to review. 38 U.S.C. § 7292(d)(2). To the extent Mr. Luckett challenges whether the VA's determination complied with the statutory requirements, this is application of law to fact that we also do not have jurisdiction to review. *Id.* In any event, the VA did send Mr. Cameron a letter dated July 26, 2011 that stated, "[a] valid fee agreement was properly filed in the above-cited case by an accredited attorney, but VA failed to withhold fees in the amount of $31,551.08 from past-due benefits . . . ." J.A. 63. The VA also notified Mr. Luckett on August 8, 2011 that he was paid $31,551.08 more than he was entitled to receive, that his benefits would be withheld until the amount he was overpaid was recouped, that he "ha[d] the right to dispute the debt and the right to request waiver," and that he could "pay the debt in full within the next 30 days." J.A. 66.

## IV

Because we find that the overpayment to Mr. Luckett of his attorney's fee falls within the scope of 38 C.F.R. § 1.911(a), and we do not have jurisdiction to consider Mr. Luckett's remaining arguments, we affirm the decision of the Veteran's Court.

**AFFIRMED IN PART AND DISMISSED IN PART**

## COSTS

No costs.